UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRITTANY BATCHELOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01502 AGF |
| ) | |
| PROFILE RECOVERY GROUP, LLC, ) | |
| d/b/a PA ENFORCEMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Profile Recovery Group, LLC. Plaintiff filed this action on September 22, 2010, under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). Plaintiff is a citizen of Missouri; Defendant is a New York corporation doing business in Missouri and engaged in the collection of delinquent debts.

## BACKGROUND

The complaint alleges as follows: On April 12, 2010, Defendant sent Plaintiff a letter in an effort to collect a supposedly delinquent consumer debt. A few days thereafter, Plaintiff spoke with Defendant on the telephone, and informed Defendant that the debt had already been paid in full. From this time through June 2010, Defendant contacted Plaintiff by telephone on multiple occasions and made false representations and used deceptive means in an attempt to collect the debt.

The Clerk of Court entered default against Defendant on November 29, 2010. On February 15, 2011, Plaintiff filed the present motion for default judgment against Defendant for statutory damages pursuant to the FDCPA in the amount of $1,000.00; and

actual damages pursuant to the FDCPA in the amount of $3,000.00. Plaintiff further seeks $2,638.00 in attorney's fees, and $492.24 in costs, consisting of the filing fee and cost of service of the summons and complaint by a process server. Defendant has not filed a response to Plaintiff's motion within the time allowed.

## **DISCUSSION**

The liability of a defendant is established upon entry of default, and thus, once default is entered, the plaintiff is not required to establish its right to recover. Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (stating that on establishment of default, "the defendant has no further standing to contest the merits of plaintiff's right to recover") (citation omitted). Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiff.

The FDCPA prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2006) (providing a non-exclusive list of prohibited conduct). In the event a debt collector violates the prohibitions of the statute, the FDCPA provides in relevant part that an individual may recover: (1) "any actual damages sustained by such person," (2) "such additional damages as the court may allow, but not exceeding $1,000," and (3) "in the case of any successful action . . . the costs of the action, together with a reasonable attorney's fee." Id. at 1692k.

Plaintiff has provided appropriate documentation, including an affidavit by Plaintiff, that supports her request for statutory damages of $1,000.00 and actual damages of $3,000.00, pursuant to the FDCPA, and attorney's fees and costs. The Court concludes that the attorney's fees requested are reasonable, at billing rates ranging from $105.00 to $275.00 per hour for 13.6 hours of work by attorneys or paralegals, for a total

of $2,638.00. With regard to the requested costs, the Court will award Plaintiff $492.24 in costs consisting of the filing fee and cost of service of the summons and complaint by a process server.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** in the amount of $7,130.24. [Doc. #13].

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to mail a copy of this Memorandum and Order to Defendant at the address at which Defendant was served, 187 Wolf Road, Suite 101, Albany, NY 12205.

A separate Default Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2011.